IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TROPICANA ENTERTAINMENT LLC, *et al.*,<br><br>Reorganized Debtors. | ) Chapter 11<br>)<br>) Bank. No. 08-10856 (KJC)<br>)<br>) Jointly Administered<br>) |
| AD HOC CONSORTIUM OF SENIOR SUBORDINATED NOTEHOLDERS,<br><br>Appellant,<br><br>v.<br><br>LIQUIDATING LANDCO DEBTORS, TROPICANA LAS VEGAS INC., STEERING COMMITTEE OF SENIOR SECURED LENDERS, AND WILLIAM J. YUNG, III,<br><br>Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 09-771-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of September, 2010, having reviewed the papers submitted in connection with the above captioned appeal;

IT IS ORDERED that the appeal is denied and the September 18, 2009 decision of the bankruptcy court is affirmed, for the reasons that follow:

1. **Standard of Review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint*

*Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 535, 92 L. Ed. 746 (1948). In the context of this appeal, the Third Circuit has held that "[t]he inquiry concerning the existence of a substantial contribution is one of fact, and it is the bankruptcy court that is in the best position to perform the necessary fact finding task." *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 946 (3d Cir. 1994) (citing *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986)).

3. **Background.** Tropicana Entertainment LLC and related entities (collectively, "Tropicana") encountered severe financial difficulty following the revocation of their New Jersey gaming license by the New Jersey Casino Control Commission ("NJCCC") on December 12, 2007. (D.I. 11 at 142-43) The NJCCC revoked Tropicana's license primarily due to poor business decisions made by board member William J. Yung, III ("Yung"). (*Id.*) The revocation of the New Jersey license led to threats of de-licensure for Tropicana's operations in Indiana and Nevada and triggered events of default under Tropicana's secured credit facility and indenture. (D.I. 10 at 8-10) The Ad Hoc Consortium of Senior Subordinated Noteholders ("appellant") urged Yung to voluntarily step down from Tropicana's board of directors, but Yung refused and Tropicana ultimately filed chapter 11 bankruptcy petitions on May 5, 2008 ("Petition Date"). (*Id.*)

4. On May 6, 2008, appellant filed an emergency motion for the appointment of a chapter 11 trustee ("Trustee Motion") in an effort to remove Yung from management and prevent further adverse regulatory action that might reduce the value of Tropicana's bankruptcy estates. (*Id.* at 11) Several parties, including the Official Committee of Unsecured Creditors, joined in the Trustee Motion. (*Id.* at 13-14) The parties settled the Trustee Motion following the first day of trial by entering into the Term Sheet Resolving Certain Matters in Connection with Motion for the Appointment of a Trustee ("Settlement Term Sheet"), pursuant to which Yung agreed to resign from his management positions and Tropicana agreed to acknowledge appellant's substantial contribution to the bankruptcy estates by its prosecution of the Trustee Motion. (*Id.* at 15)

3

5. On July 31, 2009, appellant filed its application for allowance of an administrative claim ("Application") for $2,434,474,[1] representing the legal fees and expenses incurred by appellant in connection with the Trustee Motion and reimbursable to appellant pursuant to 11 U.S.C. §§ 503(b)(3) and (b)(4). (D.I. 11 at 451)

6. On September 10, 2009, the bankruptcy court held a hearing on the Application. (D.I. 11 at 481) The bankruptcy court acknowledged that the Trustee Motion had a beneficial effect on the estates, but denied the Application in an oral ruling from the bench upon finding that appellant filed the Trustee Motion in its own self-interest regardless of whether it would be reimbursed by the estate. (*Id.* at 532-33) On appeal to this court appellant brings two issues: (1) whether the bankruptcy court erred in denying the Application based on a finding that appellant would have prosecuted the Trustee Motion absent an expectation of reimbursement from the estate; and (2) whether the bankruptcy court erred in denying the Application where (i) the bankruptcy court found that the prosecution of the Trustee Motion had a beneficial effect on the estates and for all constituents concerned, (ii) the major creditor representatives supported the relief sought in the Trustee Motion, and (iii) Tropicana expressly acknowledged that appellant made a substantial contribution to the estate. (D.I. 10 at 1)

7. **Analysis.** Appellant first argues that the bankruptcy court erred in denying the Application based on an "expectation of reimbursement" standard instead of determining whether appellant's actions were intended to benefit the creditors and Tropicana's estates. (D.I. 10 at 20-22) Applying *Lebron*, the bankruptcy court concluded that the

---

[1] Appellant subsequently reduced the amount of its administrative claim to $2,320,172 to alleviate concerns raised by the United States Trustee. (D.I. 10 at 17)

4

Trustee Motion was filed in appellant's self-interest without an expectation of reimbursement; appellant failed to prove otherwise by a preponderance of the evidence. (D.I. 11 at 532-33) The substantial contribution test "should be applied in a manner that excludes reimbursement in connection with activities of creditors and other interested parties which are designed primarily to serve their own interests and which, accordingly, would have been undertaken absent an expectation of reimbursement from the estate." *Lebron*, 27 F.3d at 944. Thus, a court may properly consider whether an applicant has an expectation of reimbursement from the estate to determine whether the applicant acted to serve its own interests. The bankruptcy court did not clearly err in denying the Application based on its conclusion that appellant would have prosecuted the Trustee Motion absent an expectation of reimbursement from the estate.

8. Appellant next argues that the bankruptcy court erred in denying the Application because: (i) the bankruptcy court acknowledged that the Trustee Motion had a beneficial effect on the estates; (ii) the major creditor representative supported the Trustee Motion; and (iii) Tropicana expressly acknowledged that appellant made a substantial contribution to the estates by filing the Trustee Motion. (D.I. 10 at 28-35) The bankruptcy court determined that appellant's prosecution of the Trustee Motion had a beneficial effect on the estates and the constituents, and it acknowledged that everyone except Tropicana and Yung supported the Trustee Motion. Nevertheless, the bankruptcy court denied the Application because appellant presented insufficient evidence to show that it did not file the Trustee Motion primarily to serve its own interests. (D.I. 11 at 526, 532) Even if an applicant's actions result in an actual and demonstrable benefit to the estate and the creditors, an applicant should not be

5

reimbursed when its actions are "designed primarily to serve [its] own interests and which, accordingly, would have been undertaken absent an expectation of reimbursement from the estate." *Lebron*, 27 F.3d at 944. The bankruptcy court did not commit clear error in concluding that, even though the Trustee Motion had a beneficial effect, the appellant failed to meet its burden of proof by a preponderance of the evidence to show that its actions in filing the Trustee Motion transcended its own interests.

9. **Conclusion.** For the reasons explained, the bankruptcy court's decision is affirmed, and the appeal therefrom is denied.

_____
United States District Court